IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SONNY AUSTIN RAMDEO, :
      Petitioner, : 1:19-cv-2170
       :
v. : Hon. John E. Jones III
       :
DOUGLAS K. WHITE, WARDEN, :
      Respondent. :

## **MEMORANDUM**

### **April 14, 2020**

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by Petitioner Sonny Austin Ramdeo ("Ramdeo"), a federal inmate confined at the Allenwood Low Federal Correctional Institution, White Deer, Pennsylvania. Ramdeo challenges whether the Federal Bureau of Prisons' (BOP) actions in denying access to legal materials, refusing the use of typewriters in living quarters, and preventing access to computers at a work assignment, are consistent with provisions of the Code of Federal Regulations and BOP policy statements. (Doc. 1, pp. 2, 11).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. *Id.* at

R.1(b). A petition may be dismissed without review of an answer when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself...." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). Preliminary review reveals that the petition is subject to summary dismissal.

## I. BACKGROUND

Ramdeo states that he is seeking judicial review on three claims: "Whether the BOP's interpretation is consistent with federal regulations on (1) access to legal materials which includes the Electronic Law Library ("ELL"); (2) refusing to provide a typewriter in the living quarters; (3) denial of computer access at a work assignment." (Doc. 1, p. 10). He believes the BOP's interpretation should be set aside and that he should be granted an injunction "to correct the matter at hand." (*Id*).

## II. DISCUSSION

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 45, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his

2

admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. *See Leamer*, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." *See Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993).

Careful review of the petition reveals that Ramdeo does not seek speedier or immediate release from custody or challenge the legality of his present incarceration. Rather, he asserts that the BOP is incorrectly interpreting federal regulations and policy statements governing the access to legal materials, the allowance of a typewriter in the living quarters, and the use of a computer at a work assignment. Because he seeks relief based on the deprivation or limitation of certain rights and privileges, the appropriate remedy is a civil rights action. Consequently, the petition will be dismissed without prejudice to any right Ramdeo may have to reassert his present claims in a properly filed civil rights complaint.

## III.  CONCLUSION

For the reasons set forth above, the Court will dismiss the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

A separate Order will issue.